UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON P. LINK,

    Petitioner,

-vs-                                              Case No.  8:13-cv-1982-T-30EAJ

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, a pretrial detainee at the Hillsborough County Jail in Tampa, Florida, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("petition"). According to the petition, Petitioner has been charged by the State of Florida with aggravated battery on a pregnant female, and battery.

Petitioner argues that he is being unlawfully detained on two grounds: 1) the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, lacks jurisdiction over the case because the crimes were not committed in Hillsborough County; and 2) the charges are false, and the evidence is insufficient to convict him. He argues that his continued detainment violates his due process rights. As relief, Petitioner seeks immediate release from detainment and dismissal of the charges.

## Discussion

As a state pretrial detainee, Petitioner may challenge his confinement as unconstitutional by petitioning for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). This Court concludes, however, that the petition should be dismissed because the *Younger* abstention doctrine precludes this Court from interfering with the ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

"[I]n the interests of comity, federal courts abstain from becoming involved in [] state court proceeding[s] with few exceptions. 'Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand' *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971)." *Solomon v. Manuel*, 2011 U.S. Dist. LEXIS 125689, at *2 (N.D. Fla. Oct. 4, 2011). Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing *Younger*). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v.*

*Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

Petitioner does not allege bad faith prosecution or the absence of an adequate state forum where the constitutional issues can be raised.  Rather, Petitioner argues that the trial court lacks jurisdiction over his case, and that there is insufficient evidence to prove the crimes for which he stands charged.

Petitioner has failed to allege facts entitling him to review under the irreparable injury exception. *See Butler v. Ala. Judicial Inquiry Comm'n*, 245 F.3d 1257, 1264 (11th Cir. 2001) ("Irreparable injury exists if the [statute under which a defendant is being prosecuted] is "flagrantly and patently violative of express constitutional prohibitions" or if "unusual circumstances exist that would call for equitable relief.") (quoting *Younger*, 401 U.S. at 53-54).  Florida's state courts have adequate and effective state procedures for review of Petitioner's claims.  Petitioner has failed to present facts that warrant this Court interfering in the normal functioning of Florida's criminal process.  Therefore, this Court will abstain from addressing the merits of the petition.

Furthermore, the petition must be dismissed for Petitioner's failure to exhaust state court remedies. "Before a state pre-trial detainee may bring a federal habeas petition, she must first exhaust the claims by pursuing all available state court remedies." *Everson-El v. State of Florida, Inc.*, 2012 U.S. Dist. LEXIS 103761, at *3 (M.D. Fla. July 25, 2012) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973)).  Petitioner filed a *pro se* motion to dismiss the charges in the state trial court on July 26, 2013, in which

he asserts the same arguments set forth in the instant petition (Dkt. 1-1). Petitioner filed the instant petition on the same day. Therefore, it is evident from the face of the petition that Petitioner did not exhaust his available state remedies prior to filing the petition. Consequently, he is not entitled to relief under § 2241.

## CONCLUSION

Under *Younger*, the Court must abstain from deciding the petition. Further, the petition must be dismissed for failure to exhaust state court remedies.

Accordingly, the Court **ORDERS** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any and all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2013.

                                    JAMES S. MOODY, JR.
                                    UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

4